IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL YATES,

                    Petitioner,                          OPINION AND ORDER

         v.                                              08-cv-0357-slc

ANA BOATWRIGHT, Warden,
New Lisbon Correctional Institution,

                    Respondent.

---

Michael Yates, an inmate at the New Lisbon Correctional Institution serving a life sentence without parole, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has paid the five dollar filing fee.  The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  The petition will be dismissed because it is a successive petition that petitioner has not been authorized by the court of appeals to file.


BACKGROUND

The subject of the petition is petitioner's April 24, 1998 conviction in the Circuit Court for Kenosha County of four counts of first-degree sexual assault of a child and four counts of incest.  Petitioner has included several documents with his petition that show the procedural history of his case in the state and federal courts.  Following his conviction,

petitioner pursued a direct appeal in the Wisconsin Court of Appeals, which affirmed the conviction in an opinion and order dated February 2, 2000. The Wisconsin Supreme Court denied petitioner's petition for review on April 28, 2000.

On February 14, 2002, petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court in the Eastern District of Wisconsin. That court dismissed the petition on February 19, 2002 as untimely, finding that it was filed nearly six months after the expiration of the one-year period of limitation set forth in § 2244(d)(1)(A). Petitioner then filed a second habeas petition, asserting that his lawyer was to blame for his failure to file his first petition on time. The court dismissed that petition and declined to issue a certificate of appealability. The court explained that the petition was a successive petition that petitioner could not file without first obtaining permission from the Seventh Circuit, which petitioner had not done. In addition, it noted that the negligence of petitioner's lawyer was not a basis for equitable tolling of the limitations period. Although petitioner filed an appeal in the Court of Appeals for the Seventh Circuit, he later sought to have the appeal dismissed. On January 22, 2004, the court of appeals granted petitioner's motion and issued an order dismissing the appeal.

On August 24, 2004, petitioner filed a post-conviction motion in the state circuit court pursuant to Wis. Stat. § 974.06, Wisconsin's collateral attack statute. The motion raised several challenges to the conviction that had not been raised on direct appeal. The

circuit court denied the motion.  The Wisconsin Supreme Court ultimately upheld the denial of the motion in an order entered April 17, 2007.

Petitioner filed the instant application for habeas relief on June 19, 2008.


OPINION

Pursuant to Rule 4, the district court may dismiss a petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In general, a state prisoner is entitled to one full opportunity to litigate a federal collateral attack on his conviction.  Stewart v. Martinez-Villareal, 523 U.S. 637, 643-45 (1998).  28 U.S.C. § 2244 forbids the filing of any "second or successive" petition for collateral relief without the consent of the court of appeals, which may be given only in limited circumstances.  Benton v. Washington, 106 F.3d 162, 163 (7th Cir. 1996); 28 U.S.C. § 2244(b).

This is petitioner's third petition for a writ of habeas corpus in which he seeks relief from his 1998 conviction. Although not all petitions "count" so as to make a subsequently filed petition attacking the same judgment "second or successive," Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (citing as examples petitions that were dismissed because petitioner filed in wrong district, failed to pay filing fee or failed to exhaust state court remedies), petitioner's first petition does count.  Id. (petition dismissed as untimely counts as initial petition because petitioner incapable of curing defect underlying court's judgment).

3

Further, the instant petition does not avoid being characterized as "second or successive" merely because petitioner now asserts claims that were not exhausted when he filed his first and second habeas petitions.  In re Page, 179 F.3d 1024, 1026 (7th Cir. 1999).  28 U.S.C. § 2244(b)(2) describes the limited circumstances in which a claim not presented in a prior application may be allowed, but the court of appeals is responsible for determining whether those circumstances are present in this case.

ORDER

IT IS ORDERED that the petition of Michael Yates for a writ of habeas corpus filed on June 19, 2008 is DISMISSED because it is an unauthorized successive collateral attack on his 1998 conviction.

Petitioner's motion for the appointment of counsel and for an extension of time in which to file a memorandum in support of his petition are DENIED as moot.

Entered this 10th day of July, 2008.

BY THE COURT:

_Barbara B. Crabb_

BARBARA B. CRABB
District Judge