IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL YATES,

                Petitioner,                              ORDER

      v.                                                  08-cv-0357-slc

ANA BOATWRIGHT, Warden,
New Lisbon Correctional Institution,

                Respondent.

---

Before the court is petitioner Michael Yates's Fed. R. Civ. P. 60(b) motion for relief from this court's July 10, 2008 order, dismissing as successive his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. #9. In that order, I determined that because petitioner did not obtain authorization from the Court of Appeals for the Seventh Circuit to file his third petition, 28 U.S.C. § 2244(b)(3)(A) prevented this court from considering it. Petitioner asserts without explanation that he does not require permission from the Seventh Circuit to proceed. In the alternative, he requests that this court forward his petition to the Seventh Circuit "as a request for permission to proceed with a second or successive § 2254 petition." Dkt. #9 at 1-2 (citing 28 U.S.C. § 1631). Petitioner also renews his request for appointment of counsel.

Rule 60(b) permits a court to relieve a party from a judgment on several grounds, including mistake, inadvertence, surprise or excusable neglect, Rule 60(b)(1), or any other reason that justifies relief, Rule 60(b)(6).  Petitioner offers no argument why any of these circumstances are present in this case.  I also find that he has no grounds for relief under Rule 60.

In general, a state prisoner is entitled to one full opportunity to litigate a federal collateral attack on his conviction.  Stewart v. Martinez-Villareal, 523 U.S. 637, 643-45 (1998).  Under 28 U.S.C. § 2244(b)(2), petitioner cannot bring a claim in a second habeas petition that he did not present in a prior application unless he can show:  1) that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or 2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. Petitioner argues at length why his successive petition should be considered.  However, this court cannot make that decision.  28 U.S.C. § 2244 forbids the filing of any "second or successive" petition for collateral relief without the consent of the court of appeals.  Benton v. Washington, 106 F.3d 162, 163 (7th Cir. 1996); 28 U.S.C. § 2244(b).  This requirement is mandatory and prevents the district court from reviewing the petition, even if the claims

2

raised in the successive petition were not presented in the prior petitions. Therefore, petitioner must present his arguments to the Court of Appeals for the Seventh Circuit.

Although this court may transfer matters to the Seventh Circuit in certain situations, petitioner should file his request for permission to proceed with a successive petition in the court of appeals. There is no filing fee for such an application. If petitioner has any questions on how to proceed, he should contact the court of appeals directly. Similarly, petitioner's request for appointment of counsel should be directed to the court of appeals.

ORDER

IT IS ORDERED that petitioner's motion is DISMISSED.

Entered this 31st day of July, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge